UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **CITY OF PORTAGEVILLE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-CV-91 SNLJ |
| ) | |
| **ASHLAND, INC., et al.,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. Plaintiff named 39 defendants, including 10 defendants identified as Limited Partnerships or Limited Liability Companies. The Complaint alleges that those "LPs" or "LLCs" are organized in states other than Missouri and that they have principal places of business in states other than Missouri. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

The defendant LLCs' and LPs' citizenship has been addressed like that of a corporation, which is a citizen of its state of organization and its principal place of business. *See* 28 U.S.C. §§ 1332(a), (c)(1); *Sanders*, 823 F.2d at 215 n.1.  However, the Eighth Circuit has held that unincorporated entities such as LLCs and LPs are citizens of every state of which any member is a citizen.  *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Thus, for the LLC and LP defendants, the Court must examine the citizenship of each member of those companies and partnerships to determine whether diversity jurisdiction exists.  The Complaint contains no allegations concerning the members of the defendant LLCs and LPs.

The Court will grant plaintiff 14 days to file an amended complaint which alleges facts showing the existence of the requisite diversity of citizenship of the parties.  If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by July 16, 2013, plaintiff shall file an amended complaint which shall allege facts establishing the citizenship of each of the defendant LLCs' and LPs' members.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this __2nd__ day of July, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE